# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM H., and J.H.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH and SPLUNK, INC.,<br><br>Defendants. | **RULING & ORDER**<br><br>Case No. 2:24-cv-00531<br><br>District Court Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

This case is referred to Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(A).[1] Before the Court is the parties' stipulated motion to permit Plaintiffs William H. and J.H. (collectively "Plaintiffs") to proceed anonymously in this case.[2] For the reasons stated below, the court rules as follows and grants the motion.

## BACKGROUND

This case involves Defendants United Healthcare Insurance Company, United Behavioral Health and Splunk's (collectively "Defendants") denial of benefits for J.H's mental health treatment at BlueFire and Crossroads Treatment Centers.[3] In support of their appeal, Plaintiffs

---

[1] ECF No. 18, Notice of Non-Consent.

[2] ECF No. 30, Motion to Proceed Under Initials. Plaintiffs filed their Motion in response to Judge Robert J. Shelby's January 22, 2025 Order requiring Plaintiffs to either file an amended complaint under their full names or file a motion for leave to proceed under initials. *See*, ECF No. 27, Docket Text Order.

[3] ECF No. 1, Complaint.

provide a detailed account of J.H.'s struggles as a minor, including but not limited to experiencing seizures, psychosis, self-medicating through substance abuse and extensive behavioral problems.[4] Plaintiffs also present evidence from J.H's medical records asserting that J.H.'s treatment should have been covered by Defendants. These records include sensitive and personal information about J.H's mental health and substance abuse as a minor.[5]

## LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."[6] However, with respect to minors, Federal Rule 5.2 provides that minors may be named by initials unless the court orders otherwise.[7] No provision in the federal rules explicitly permits "suits by persons using fictitious names" or "anonymous plaintiffs "[8] and proceeding under pseudonym "is, by all accounts, an unusual procedure."[9]

Nonetheless, courts do recognize "exceptional circumstances" that may warrant "some

---

[4] *See generally id.*

[5] *Id*.

[6] Fed. R. Civ. P. 10(a) ("the title of the complaint must name all the parties");*see also* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest")..

[7] Fed. R. Civ. P. 5.2(a)(3).

[8] *National Commodity & Barter Association, National Commodity Exchange v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989).

[9] *Doe v. Weber State University,* 2021 U.S. Dist. LEXIS 210538 at *6 (D. Utah Oct. 29, 2021) (citing *Femedeer v. Haun,* 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted)).

form of anonymity in judicial proceedings."[10] Exceptional circumstances include circumstances "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[11]

      In deciding whether to preserve anonymity, the court has broad discretion[12] and must weigh any "exceptional circumstances" against "the public's interest in access to legal proceedings."[13] Lawsuits are generally viewed as open, public events, but the presumption of open courts can yield to anonymity when exceptional circumstances exist.[14] If a court grants permission for a plaintiff to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[15] When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[16]

---

[10] *Free Speech Coalition v. Anderson,* 2023 U.S. Dist. LEXIS 111976 at *4 (D. Utah June 27, 2023) (citing *Femedeer,* 227 F.3d at 1246).

[11] *Femedeer,* 227 F.3d at 1246.

[12] *United States DOJ v. Utah DOC,* 2017 U.S. Dist. LEXIS 34882 at *3 (D. Utah March 10, 2007) (unpublished) (citing *Lindsey v. Dayton-Hudson Corp.,* 592 F.2d 1118, 1125 (10th Cir. 1979)); *M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir. 1998) (internal quotation marks omitted) (the court's decision to allow a pseudonym is based on "informed discretion, after taking all relevant factors into consideration").

[13] *Femedeer,* 227 F.3d at 1246.

[14] *Zavaras,* 139 F.3d at 803 (internal quotation omitted); *Weber State University,* at *6 (citing *Gibbs,* 886 F.2d at 1245).

[15] *W.N.J. v. Yocum,* 257 F.3d 1171, 1172 (10th Cir. 2001).

[16] *Id.*

## DISCUSSION

**1. The Court Grants Plaintiffs' Stipulated Motion to Proceed Anonymously**

The court grants Plaintiffs' stipulated motion to proceed anonymously because this case implicates "exceptional circumstances" that the Tenth Circuit and Rule 5.2 recognize as warranting anonymity.

First, most of the medial records and treatment at issue in this case refer to J.H.'s struggles as a minor, before the age of 18. Federal Rule of Civil Procedure 5.2(a)(3) requires litigants to protect the identity of minors by, at a minimum, only using the minor's initials when filing their pleadings. Although J.H. is no longer under the age of 18, most jurisdictions recognize the appropriateness of preventing the names of children from disclosure past the date they reach majority, particularly where they may be burdened in adulthood by their earlier actions. The fact that J.H. was under the age of 18 during the treatment at issue in this case controls the court's analysis, irrespective of J.H.'s age now.[17] Because J.H. was under the age of 18 when undergoing treatment, the balance of interest favors protecting J.H.'s anonymity. Further, while William H. is not a minor, disclosure of his full name would have the impact of

---

[17] *See e.g., Doe v. USD No. 237,* 2017 U.S. Dist. LEXIS 142435 at *31 (D. Kan. 2017) ("[t]he fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis" when considering whether Plaintiffs should be allowed to proceed anonymously); *see also N.E. v. Blue Cross Blue Shield Carolina,* 2023 U.S. Dist. LEXIS 56537 at *49 (D.N.C. 2023) (In another ERISA case concerning mental health care, "although [plaintiff] is no longer a minor, [he] was a minor when the facts underlying this case occurred, which also weighs in favor of protecting his identity and by extension, [his parent's] identity.").

revealing J.H.'s identity and would therefore be in violation of the spirit of Rule 5.2 and the established policies preventing disclosure of records relating to minors.[18]

Second, a substantial portion of the record in this case is comprised of J.H.'s protected health information and treatment records. Even absent a discussion of J.H.'s age, these records are protected from public disclosure by HIPAA.[19] Given the highly sensitive and personal medical issues experienced by J.H., exceptional circumstances weigh against disclosure of the Plaintiffs' identities.

Finally, the identities of Plaintiffs are known to the Defendants, as Defendants were the ERISA administrators for the insurance plan which provided coverage for J.H. As a result, allowing Plaintiffs to proceed anonymously will not prejudice Defendants.

## CONCLUSION

On balance, the court concludes that the public interest in access to the identities of the parties in this proceeding is outweighed by the interest in protecting the identity of a minor and matters of a highly sensitive and personal natures. Accordingly, the court agrees with the parties that Plaintiffs should be permitted to proceed anonymously and Plaintiffs' stipulated motion is GRANTED.[20]

---

[18] *See e.g., S.E.S. v. Galena Unified School District No. 499,* 2018 U.S. Dist. LEXIS 116054 at *4 (D. Kan. 2018) (internal citation omitted) (a minor and "his parents share common privacy interests based on their inseparable relationship to one another . . . [and] [o]rdering disclosure of the parent's identities would place—in effect—personally identifiable and confidential information about the . . . minor in the public record.").

[19] 42 U.S.C.S. § 1320d.

[20] ECF No. 30.

IT IS SO ORDERED.

DATED this 10th day of February, 2025.

BY THE COURT:

Dustin B. Pead
U.S. District Magistrate Judge